RYAN et al. v. UNITED STATES.

No. 10011.

Circuit Court of Appeals, Ninth Circuit.

June 4, 1942.

Joseph O. Carson, of Indianapolis, Ind., Harry N. Routzohn, of Dayton, Ohio, and Hugh K. McKevitt and Jack M. Howard, both of San Francisco, Cal., for appellants.

Thurman Arnold, Asst. Atty. Gen., Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., Tom C. Clark and Wallace Howland, Sp. Assts. to Atty. Gen., Pierce W. Bradley, Fred S. Gilbert, Jr., and Walter M. Lehman, Sp. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is a motion pursuant to Rule IV of the Rules of Procedure in Criminal Cases, 18 U.S.C.A. following section 688, with reference to the preparation of the record on appeal for an order directing the trial court to include therein the transcript of testimony given before the Grand Jury which returned the indictments upon which appel-

lants were convicted of having violated the Sherman Anti-Trust Act, 15 U.S.C.A. 1. Among other grounds of appeal, appellants claim that the evidence does not support the findings of the court upon which it adjudged their pleas in bar of the prosecutions should be denied.

The record before us shows that in the proceedings before the Grand Jury leading to the indictments of the appellants they were subpoenaed and compelled by the district court to testify before the Grand Jury and to bring to the Grand Jury certain documentary evidence there placed in evidence. This compulsion occurred although they protested against testifying on the ground that the Grand Jury proceeding contemplated their indictment and that they were immune from testifying under the Fifth Amendment of the Constitution of the United States.

Appellants then severally filed their pleas in bar of the prosecutions which pleas were substantially as follows: That on April 24, 1940, pursuant to a subpoenas duces tecum defendant appeared before the grand jury; that he refused to testify unless granted immunity, which was refused; that he asserted his right under the Constitution to be free from self-incrimination; that he was compelled to give testimony concerning the transactions, matters and things upon which the indictment was found; that the evidence went beyond the scope of producing books, records and documents, and related both directly and indirectly to transactions, matters and things contained in said indictment; that this indictment has been found against him illegally; that he is immune from prosecution upon the charges contained in said indictment.

The pleas in bar were substantially the same as that made in Edwards v. United States,[1] 312 U.S. 473, 475, 61 S.Ct. 669, 671, 85 L.Ed. 957.

Though the pleas themselves were in fact such pleas in bar, they were de-

---

[1] That on April 14, 1938, and two successive dates, pursuant to subpoenas duces tecum, petitioner had appeared before an officer of the Securities and Exchange Commission with the books and records called for, and "after having claimed his immunity against self incrimination, as provided by law and the Constitution of the United States, under compulsion, testified under oath, pursuant to various questions propounded and asked him by said officer of said

Commission, said testimony concerning said defendant's identity and relationship to various trusts and organizations which are the subject matter of this prosecution and concerning divers and sundry other matters pertaining to the matters which are the subject of this prosecution, and particularly to the personal entries, books and records of said defendant, which are a part of the subject matter of this prosecution."

nominated by the appellants as pleas in abatement. It is obvious that it is the substance of the plea and not the name given it by the pleader which determines its character. We are hence not required to consider the question presented by 28 U.S.C.A. § 879,[2] concerning pleas in abatement in criminal cases.

■ The Government demurred to these pleas in bar and the demurrer was sustained. Thereafter in the course of the trial appellants moved for a reconsideration of their pleas in bar, citing Edwards v. United States, and prayed that the court consider the testimony given by them before the Grand Jury as shown by the transcript thereof. The court received the transcript in evidence and, as it stated in the findings of fact and conclusions of law upon the pleas in bar, "Pursuant to said oral motions, the Court read the transcript of the testimony of the said defendants given before the Grand Jury. The pleas in abatement were thereupon considered by the Court on their merits in the light of the testimony given by the moving defendants before the Grand Jury. The question for the Court's determination was whether such testimony, in view of all the circumstances of the case, was of such a nature as to bring the moving defendants within the purview of the immunity statute."[3] Certificate of Clerk of District Court, pages 26, 27,

The court thereafter denied the pleas in bar upon this consideration of their merits and upon the reading of appellants' testimony given the Grand Jury so offered in evidence.

In the preparation of the record on appeal the appellants moved the district court to include in the record on appeal the testimony contained in the transcript of evidence given by them before the Grand Jury. The district court denied the motion and the motion here followed.

It is not contended that the transcript of the testimony of the appellants before the

Grand Jury contains facts which now should be suppressed for purposes of justice. The case seems identical with that of Edwards v. United States, supra, in this regard.

We can see no reason why the testimony of the appellants given before the Grand Jury and received in evidence and considered by the district court should not be made a part of the record on appeal.

The motion is granted.

[2] "§ 879. *Reversal on error limited.* There shall be no reversal in the Supreme Court or in a circuit court of appeals upon a writ of error, for error in ruling any plea in abatement, other than a plea to the jurisdiction of the court, or for any error in fact."

[3] 15 U.S.C.A. § 32. "§ 32. *Immunity of witness.* No person shall be prosecuted or be subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may testify or produce evidence, documentary or otherwise, in any proceeding, suit, or prosecution under sections 1–7 of this title, and all Acts amendatory thereof or supplemental thereto, and sections 8–11 of this title: Provided, That no person so testifying shall be exempt from prosecution or punishment for perjury committed in so testifying."